## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 22-cv-02327

MARY ANN MORENO,

      Plaintiff,

v.

CIRCLE K STORES, INC.,

      Defendant.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Circle K Stores, Inc. ("Circle K") removes the state-court action captioned *Mary Ann Moreno v. Circle K Stores, Inc.*, Case No. 2022CV30949, filed in the District Court of Jefferson County, Colorado to the United States District Court for the District of Colorado according to 28 U.S.C. §§ 1332, 1441, and 1446, and as grounds therefore states as follows:

**I.    OVERVIEW**

Plaintiff Mary Ann Moreno commenced this action against Circle K in the District Court of Jefferson County, Colorado by service of a summons and Complaint and Jury Demand ("Complaint") dated August 12, 2022. The Complaint asserts a claim for wrongful discharge in violation of public policy and a claim for intentional infliction of emotion distress/outrageous conduct under Colorado common law. *See* Ex. A. Circle K first received a copy of the Complaint on August 12, 2022 and waived service of the summons.

This is a proper case for removal to this Court under 28 U.S.C. § 1441 because it is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and it is between citizens of different states. As set forth more fully below, this case meets all the requirements for removal and is timely and properly removed by the filing of this notice.

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION.

As the party seeking removal, Circle K bears the burden of proving by a preponderance of evidence that the requirements for diversity jurisdiction are satisfied. *Martin v. Franklin Cap. Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Circle K has met that burden.

28 U.S.C. § 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States[.]" The Court has original jurisdiction over this action based on diversity of citizenship under § 1332(a), and it may be removed to this Court according to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### 1.     Complete diversity of citizenship exists in this case.

Moreno was and is a resident of Colorado and is therefore a citizen of Colorado for purposes of diversity jurisdiction. *See* Compl. ¶ 1.

Circle K is a Texas corporation and its principal place of business is in Tempe, Arizona.[1] Thus, Circle K is a citizen of Texas and Arizona for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1) (for diversity-jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business).

Therefore, complete diversity exists for purposes of 28 U.S.C. § 1332.

2.      **The amount in controversy exceeds $75,000, exclusive of costs and interest.**

Moreno certified on the state-court Civil Case Cover Sheet that she seeks a monetary judgment of more than $100,000, excluding interest and costs. *See* Ex. C at 2; *see also* Ex. D (certifying that Moreno "seeks a monetary judgment over $100,000" against Circle K).

Importantly, once it is shown that the amount in controversy may be greater than $75,000, the case belongs in federal court "unless it is legally certain that less than $75,000 is at stake." *Chen v. Dillard Store Servs.*, 579 F. App'x 618, 621–22 (10th Cir. 2014) (citation omitted). Further, the United States Supreme Court has held under 28 U.S.C. § 1446(a) that a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Supreme Court further held this

---

[1] Plaintiff erroneously alleges that Circle K is "a business entity incorporated under the laws of the State of Colorado[.]" Compl. ¶ 2. In fact, Circle K is incorporated in Texas and maintains its principal office in Tempe, Arizona. *See* Colorado Secretary of State, https://www.coloradosos.gov/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&masterFileId=19871038658&entityId2=19871038658&fileId=19871038658&srchTyp=ENTITY (last visited Sept. 9, 2022); *see also Budnella v. USAA Gen. Indem. Co.*, No. 20-CV-00944-KMT, 2020 WL 2847627, at *3 n.1 (D. Colo. June 2, 2020) (finding that a "document from the Colorado Secretary of State" was sufficient evidence for determining a corporation's citizenship). A copy of the Colorado Secretary of State's corporate summary of Circle K is attached as Exhibit K.

language tracks the general pleading requirement stated in Federal Rule of Civil Procedure 8(a), and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553.

Here, the Court can reasonably ascertain from the state-court Civil Case Cover Sheet that the amount in controversy exceeds $75,000. Although Circle K denies that Moreno's claims have merit, based on the above information, it is certain that the amount in controversy exceeds the $75,000 jurisdictional requirement, exclusive of interest and costs. Thus, this Court has original jurisdiction over the claims asserted by Moreno in the state-court action based on diversity jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## II.  THIS NOTICE OF REMOVAL IS TIMELY.

In general, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

Because Circle K was first notified of the Complaint on August 12, 2022, and because Circle K filed this Notice of Removal on September 9, 2022, this Notice of Removal is timely.

## III.  THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

In addition to satisfying the jurisdictional and timing requirements, Circle K has also satisfied all other procedural requirements for removal:

1. The District Court of the County of Jefferson, Colorado is located within the District of Colorado. *See* 28 U.S.C. § 1441(a).

2. No previous application has been made for the relief requested in this notice.

3. As required by 28 U.S.C. § 1446(a), a copy of all pleadings, process, and orders received by Circle K (or filed in the state-court case) are identified as follows:

> Exhibit A: Complaint
>
> Exhibit B*:* Summons
>
> Exhibit C: District Court Civil Case Cover Sheet
>
> Exhibit D: Notice that C.R.C.P. 16.1 Simplified Procedure Does Not Apply
>
> Exhibit E: Civil Procedure Order
>
> Exhibit F: Entry of Appearance – Thomas W. Carroll
>
> Exhibit G: Unopposed Motion for Enlargement of Time to Answer or Otherwise Respond
>
> Exhibit H: Proposed Order Granting Unopposed Motion for Enlargement of Time to Answer or Otherwise Respond
>
> Exhibit I: Order Granting Unopposed Motion for Enlargement of Time to Answer or Otherwise Respond

4. As required by D.C.COLO.LCivR 81.1(b), a copy of the current docket sheet from the state court is attached as Exhibit J. There are no pending hearings, motions, petitions, or related responses, replies, or briefs before the state court.

5. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the District Court of Jefferson County, Colorado.

WHEREFORE, Circle K removes this action from the District Court of Jefferson County, Colorado, bearing Civil Action No. 2022CV30949, to the United States District Court for the District of Colorado.

Respectfully submitted this 9th day of September, 2022.

> *s/ Thomas W. Carroll*
> Thomas W. Carroll
> Nicholas Hankins
> LITTLER MENDELSON, P.C.
> 1900 Sixteenth Street, Suite 800
> Denver, CO 80202
> Telephone: 303.629.6200
> Fax: 303.629.0200
> Email: tcarroll@littler.com
>         nhakins@littler.com
>
> *Attorneys for Defendant Circle K Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September, 2022, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, and served it by email and U.S. Mail to the following:

Nicholas A. Lutz
Iris Halpern
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO  80205
Telephone: (303) 578-4400
Fax: (303) 578-4401
nl@rmlawyers.com
ih@rmlawyers.com

*Attorneys for Plaintiff*

                                              *s/ Joanna Fox*
                                              Joanna Fox, Legal Secretary

4859-2254-4689.4