`IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02327-NYW- STV

MARY ANN MORENO,

     Plaintiff,

v.

CIRCLE K STORES, INC.,

     Defendant.

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A Scheduling Conference in this case was held on November 2, 2022, at 9:15 a.m. in Courtroom A-402 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. Nicholas A. Lutz and Iris Halpern appeared for Plaintiff Mary Ann Moreno, and Thomas W. Carroll and Nicholas Hankins appeared for Defendant Circle K Stores, Inc. The Parties will be represented in this case as follows:

**For Plaintiff**:

Nicholas A. Lutz
Iris Halpern
Rathod Mohamedbhai LLC
2701 Lawrence Street, Suite 100
Denver, CO  80205
Telephone: (303) 578-4400
Fax: (303) 578-4401 (fax)
Email: nl@rmlawyers.com

Email: ih@rmlawyers.com

**For Defendant**:

Thomas W. Carroll
Nicholas Hankins
Littler Mendelson P.C.
1900 Sixteenth Street
Suite 800
Denver, CO  80202
Telephone: 303-362-2838
Email: tcarroll@littler.com
Email: nhankins@littler.com

## 2. STATEMENT OF JURISDICTION

Plaintiff filed claims alleging violations of Colorado common law in Jefferson County, Colorado District Court. Defendant filed a Notice of Removal on September 9, 2022, asserting diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Court properly has jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the acts and/or omissions alleged herein occurred within the District of Colorado.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff:**

This case arises from Defendant Circle K's unlawful termination of Plaintiff Mary Ann Moreno following and based on her exercise of her right to self-defense and self-preservation during an armed robbery while at work. On October 4, 2020, Ms. Moreno was the victim of an armed robbery while working as a cashier at one of Circle K's many gas station convenience stores in Sheridan, Colorado. She was confronted by a man wielding multiple knives while she stood behind the counter. The man demanded a pack of cigarettes from Ms. Moreno. When Ms. Moreno

realized the man had no intention of paying for the cigarettes, she refused. The man walked around the convenience store counter, very close to Ms. Moreno. The man then reached out in Ms. Moreno's direction and attempted to grab a pack of cigarettes from the product rack beside Ms. Moreno. Ms. Moreno instinctively reached out towards the man to protect herself and prevent the man from coming closer toward her and the merchandise. Fortunately, the man then fled the store.

Officers from the Westminster Police Department arrived a short time after the assailant had fled the store. After Ms. Moreno provided a statement to the officers, she attempted to contact multiple other Circle K employees and a store manager. Store Manager Love Jorgensen and Circle K District Manager Driss Aamoud arrived at the store later in the evening. Mr. Aamoud immediately began interrogating Ms. Moreno about the armed robbery. Mr. Aamoud then went to the back office in Circle K Sheridan. Mr. Aamoud turned his attention to the security module to watch surveillance from the time of the robbery. The surveillance footage captured the armed robbery from many different angles. Mr. Aamoud became upset with Ms. Moreno and insisted to her that the surveillance footage did not depict a robbery and that the apparent thief had not actually been armed. Mr. Aamoud told Ms. Moreno that Circle K Sheridan would be investigating the incident due to her "push[ing] [the assailant]" away when the assailant approached her in a threatening manner while armed with a knife. Mr. Aamoud also demanded that Ms. Moreno's daughter-in-law leave the store "for [her] own safety." Ms. Moreno's daughter-in-law was forced to exit the store.

The day after the robbery, Ms. Moreno called Ms. Jorgensen to inquire about her schedule for the following week. Ms. Jorgensen informed Ms. Moreno she needed to call Mr. Aamoud to discuss her schedule. Ms. Moreno then called Mr. Aamoud. However, Mr. Aamoud refused to

discuss Ms. Moreno's schedule, citing the fact Ms. Moreno was purportedly still under investigation as a result of the robbery. Ms. Moreno asked why she was under investigation and Mr. Aamoud responded with words to the effect of, "You know what you did wrong." Mr. Aamoud continued to dismiss Ms. Moreno's confusion and place blame on her for being attacked at work. Mr. Aamoud relentlessly insisted that Ms. Moreno apologize for "her behavior." However, Ms. Moreno refused to apologize for having been the victim of a crime. Mr. Aamoud abruptly ended the conversation after becoming frustrated and told Ms. Moreno to call him the following day. As instructed, Ms. Moreno called Mr. Aamoud the next day. Mr. Aamoud told Ms. Moreno that Circle K Sheridan was terminating her employment, effective immediately.

Based on the foregoing, Ms. Moreno asserts two claims for relief: (1) wrongful discharge in violation of public policy, and (2) intentional infliction of emotional distress/outrageous conduct.

b. **Defendant:**

Circle K disagrees with Plaintiff's characterization of the facts and denies her claims. Plaintiff was terminated for violating Circle K's Confront and Chase Policy. Under Circle K's Confront and Chase Policy, employees are prohibited from following, pursuing, tracking, chasing, fighting, or following any person suspected of shoplifting products or any other confrontation situation. Circle K strictly enforces its Confront and Chase Policy and violations of the policy result in immediate termination. Circle K complied with all statutes and the common law and Plaintiff does not have a claim for relief for her lawful termination.

Defendant's defenses and affirmative defenses are more fully set forth in its Answer.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      Plaintiff Mary Ann Moreno was an employee of Defendant Circle K.

2.      Plaintiff Mary Ann Moreno was employed by Defendant Circle K on October 4, 2020.

3.      On October 4, 2020, Plaintiff Mary Ann Moreno was working at a Circle K store located at 9489 Sheridan Boulevard in Westminster, Colorado.

4.      On October 4, 2020, a theft occurred at the Circle K store located at 9489 Sheridan Boulevard in Westminster, Colorado, while Plaintiff Mary Ann Moreno was working.

5.      Plaintiff Mary Ann Moreno's employment was terminated by Defendant Circle K.

## 5. COMPUTATION OF DAMAGES

**Plaintiff:**

Plaintiff claims economic damages, physical impairment damages, compensatory damages (including, but not limited to, those for past pecuniary and non-pecuniary losses, emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses), punitive damages for all claims allowed by law in an amount to be determined at trial, as well as attorneys' fees and costs, pre-judgment and post-judgment interest at the highest lawful rate, and all other damages and relief legally recoverable including equitable relief. Plaintiff is unable to quantify the exact amount of monetary damages Ms. Moreno has suffered. A more precise computation of Plaintiff's damages may be provided during the normal course of discovery

and will further be determined by a jury in its sound discretion following a presentation of the evidence at trial in this matter.

**Defendant:**

Defendant is not seeking any damages at this time. Defendant may seek its attorneys' fees and costs incurred in defending this action.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.     Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held between counsel on September 27, 2022.

**b.     Names of each participant and party he/she represented.**

The following counsel participated in the meeting: Nicholas A. Lutz and Iris Halpern represented Plaintiff. Thomas W. Carroll and Nicholas Hankins represented Defendant.

**c.     Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The Parties completed written Rule 26(a)(1) disclosures on October 18, 2022. Circle K agreed to produce documents upon entry of a stipulated protective order.

**d.     Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The Parties completed written Rule 26(a)(1) disclosures on October 18, 2022.

**e.     Statement concerning any agreements to conduct informal discovery:**

The Parties have already informally exchanged some documentary evidence including relevant video-surveillance footage and police reports. The Parties do not have any other agreements to conduct informal discovery. The Parties will attempt to engage in informal discovery where appropriate.

  **f.**  **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

(1)  The Parties have agreed to use a unified exhibit numbering system.

(2)  **Plaintiff's proposal:** The Parties shall use a three-day conferral period prior to the issuance of any third-party subpoenas. Before serving a third-party subpoena, the Parties will provide a copy to the other side and allow three days for conferral over any disputes before the subpoena is served on the third party. All parties shall produce material subpoenaed from third party witnesses to the other party as soon as possible, but in any event no later than seven days after receiving the materials.

  **Defendant's position:** Circle K does not agree to additional procedures above and beyond what Rule 45 requires. Circle K would have the Parties follow Rule 45 and produce copies of documents received in response to subpoenas within a reasonable time.

(3)  The parties agree and consent pursuant to Fed. R. Civ. P. 5(b)(2)(E) that discovery and disclosures may be served electronically through the email addresses of counsel of record.

(4)  The Parties agree to consider and discuss in good faith all reasonable steps to reduce discovery and reduce costs.

**g.**     **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties do not at this time anticipate there being extensive electronically stored information ("ESI"). Nevertheless, the Parties agree to exchange ESI and other information via email or other electronic means (e.g., secure file transfer) where possible.

**h.**     **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties are not currently engaged in settlement discussions but remain open to a possible settlement or resolution of this case.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**a.**     **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

**Depositions:**

**Plaintiff's proposal:** That each party be limited to no more than the presumptive limit of ten depositions, exclusive of experts.

**Defendant's proposal:** That each party be limited to no more than five depositions, exclusive of experts.

**Interrogatories:**

Each side will be limited to 25 interrogatories. Limitations may be expanded upon agreement of the parties or order of the Court.

**b.**     **Limitations which any party proposes on the length of depositions.**

The Parties agree that the presumptive limit on deposition length for the named parties only. All other depositions shall be limited to four hours, but that this limitation may be expanded or contracted upon agreement of the Parties or order of the Court.

**c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The Parties propose that each side be limited to 25 requests for production and 25 requests for admission.

**d.    Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

45 days before the close of discovery.

**e.    Other Planning or Discovery Orders**

The Parties will comply with D.C.COLO.LCivR 7.1(a) and the Magistrate Judge's practice standards for discovery disputes before filing an opposed discovery motion. The Parties expect to file a stipulated proposed protective order governing confidential information.

## 9. CASE PLAN AND SCHEDULE

**a.    Deadline for Joinder of Parties and Amendment of Pleadings**: **December 16, 2022.**

**b.  Discovery Cut-off**: **May 8, 2023.**

**c.  Dispositive Motion Deadline**: **June 23, 2023.**

**d.  Expert Witness Disclosure:**

**1.    The parties shall identify anticipated fields of expert testimony, if any**.

**Plaintiff:** At this time, Plaintiff anticipates retaining an employment policies/practices expert and a medical expert.

**Defendants:** At this time, Defendant does not currently anticipate the need for an affirmative expert, but reserves the right to reconsider its need for an affirmative expert and reserves the right to call experts in rebuttal.

      **2.**      **Limitations which the parties propose on the use or number of expert witnesses**.

The Parties propose a limit of two (2) retained, affirmative experts per side. The Parties also propose that each side may use those same retained, affirmative experts as rebuttal experts or have the option of retaining one additional rebuttal expert in response to each affirmative expert.

      **3.**      **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

      **February 10, 2023.**

      **4.**      **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

      **March 10, 2023.**

      **e.**      **Identification of Persons to Be Deposed:**

*Preliminary List of Plaintiff's Depositions*:

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Driss Aamoud | 4 hours |
| Love Jorgensen | 4 hours |
| Rule 30(b)(6) Designee(s) | 7 hours per witness |
| Westminster PD Officers | 4 hours per witness |
| Tyler Darren Wimmer | 4 hours |
| Circle K Sheridan Owner | 7 hours |
| Lori Clark | 4 hours |
|  |  |
|  |  |

*Preliminary List of Defendant's Depositions:*

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Mary Ann Moreno | 7 hours |
| Plaintiff's expert(s) | 4 hours per expert |
| Olivia Verela Roan | |
| Brandon Moreno | |
| Bonnie Moreno | |
| | |
| | |

## 10. DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

_____.

b.      A final pretrial conference will be held in this case on _____at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

**b.      Anticipated length of trial and whether trial is to the court or jury.**

The parties anticipate a five-day jury trial.

**c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of October 2022.

BY THE COURT:

_____
Scott T. Varholak
United States Magistrate Judge

**SCHEDULING ORDER APPROVED:**

**For Plaintiff**:

*s/ Nicholas A. Lutz*
Nicholas A. Lutz
Rathod Mohamedbhai LLC
2701 Lawrence Street
Suite 100
Denver, CO  80205
(303) 578-4400
(303) 578-4401 (fax)

nl@rmlawyers.com

**For Defendant Circle K Stores, Inc.**:

_s/ Thomas W. Carroll_
Thomas W. Carroll
Nicholas Hankins
Littler Mendelson P.C.
1900 Sixteenth Street
Suite 800
Denver, CO  80202
303-362-2838
Email: tcarroll@littler.com
          nhankins@littler.com

4854-8071-8392.3