IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02327-NYW-STV

MARY ANN MORENO,

 Plaintiff,

v.

CIRCLE K STORES, INC.,

 Defendant.

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND COMPLAINT TO SEEK EXEMPLARY DAMAGES REMEDY**

 Plaintiff has described the facts and law supporting her request to amend her complaint to seek exemplary damages in this case. In response, Defendant argues that the motion is untimely and that the facts fail to show a *prima facie* case of willful and wanton conduct by Defendant. Both of Defendant's arguments fail. Plaintiff's motion is timely pursuant to Colo. Rev. Stat. § 13-21-102, which governs motions to amend the complaint to add exemplary damages. Under this statute, there is no deadline to add exemplary damages; a plaintiff can even do so after trial. Plaintiff's motion explains the factual basis for exemplary damages and makes out a *prima facie* case, which is all that is required at this stage. For these reasons, Plaintiff asks the Court to grant her motion.

**I. Plaintiff's Motion is Timely Under Colo. Rev. Stat. § 13-21-102**

 Defendant argues that Plaintiff's motion is untimely because the deadline for amending the pleadings set forth in the Scheduling Order has passed. *See Response*, ECF No. 43 at 3-4. Contradicting itself, Defendant additionally argues that the motion is untimely because it does

not contain evidence learned from discovery. *Id.* at 4. Defendant essentially argues that the motion is both too late but also too early. The Court should reject Defendant's attempt to create a "Catch-22" on timeliness.

Under Colo. Rev. Stat. § 13-21-101(1.5),

> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings **only after the exchange of initial disclosures** pursuant to rule 26 of the Colorado rules of civil procedure **and the plaintiff establishes prima facie proof of a triable issue.**

(emphasis added). Therefore, Plaintiff could not include her request for exemplary damages in her original complaint but is free to include a request at any time after she "establishes prima facie proof of a triable issue."

In considering the timeliness of adding exemplary damages to the complaint, **this Court** has previously considered and rejected arguments that a motion for exemplary damages is subject to Federal Rules of Civil Procedure 15 and 16. *See Corsentino v. Hub Int'l Ins. Servs., Inc.*, No. 16-cv-01917-RM-STV, 2017 WL 11546223, at *3 (D. Colo. Dec. 5, 2017). In *Corsentino*, the Court stated that Colo. Rev. Stat. 13-21-102, not Rules 15 and 16, govern; the Court additionally noted that it could deny a motion to amend to add exemplary damages because of delay, bad faith, undue expense, or prejudice. 2017 WL 11546223, at *4 (citing *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007)).

Defendant cites *Lederman v. Boston Sci. Corp.*, No. 21-cv-02269-NRN, 2023 WL 2446220, at *2 (D. Colo. Mar. 9, 2023), for the proposition that "recent decisions" have applied Rules 15 and 16. However, *Lederman* is easily distinguishable. In *Lederman*, the plaintiff moved to add exemplary damages the day before the scheduled final pretrial conference. *Id.* That is hardly analogous to this case, where Plaintiff has moved early on in discovery, before any

depositions even took place. Additionally, contrary to Defendant's arguments, other recent cases have continued to find that Fed. R. Civ. P. 15 and 16 are inapplicable to motions to add exemplary damages. *See, e.g.*, *Louradour v. United Launch All., L.L.C.*, No. 20-cv-00608-RMR-NYW, 2021 WL 4947316, at *2 (D. Colo. Sept. 9, 2021) (collecting cases holding that "courts in this District have held that § 13-21-102, rather than Rules 15(a) or 16(b), controls whether to permit the amendment of a claim for exemplary damages"); *2506 6th St., LLC v. WestGUARD Ins. Co.*, No. 21-CV-01673-WJM-MDB, 2022 WL 17335952, at *3 (D. Colo. Nov. 30, 2022) (stating that Colo. Rev. Stat. § 13-21-102, not Rules 15 or 16, apply to amendments to add exemplary damages).

There has been no bad faith or delay on Plaintiff's part nor prejudice to Defendant. Despite Plaintiff's inability to include exemplary damages in her complaint, in order to prevent any prejudice to Defendant from its later addition, Plaintiff in her complaint expressly "notifie[d] Defendant now that she intends to move for exemplary damages pursuant to C.R.S. § 13-21-102." *Complaint*, ECF No. 3, at 15-16, ¶¶ 110, 124. Additionally, Plaintiff's initial disclosures stated that Plaintiff claims "punitive damages for all claims allowed by law in an amount to be determined at trial." *See* **Ex. 1**, *Plaintiff's Initial Disclosures*.

Additionally, counsel for Plaintiff specifically reached out to Defendant on December 16, 2022, regarding the deadline for filing a motion to add exemplary damages to the complaint. *See* **Ex. 2**, *December 16, 2022 Emails*. Counsel noted that, because the case was removed from state court, the parties had not discussed a deadline to move to amend to include exemplary damages, and that it would be helpful to agree on a date in order to prevent any dispute down the road. *Id.* Counsel then proposed agreeing to make the deadline the same as the dispositive motions deadline, which is the agreement Plaintiff usually reaches with other defendants. *Id.* Defendant

declined to reach an agreement on the deadline, so counsel jointly called the Court to see how to proceed. They were instructed that no hearing was required and that the Parties should simply brief the issue.

Defendant attempts to argue that, because "none of Moreno's evidence . . . is a result of discovery," she has unduly delayed in filing her motion. *Response*, ECF No. 43 at 4. As an initial matter, Defendant's assertions are untrue, because many of the records Plaintiff relied on in her motion were obtained during discovery, including the police file from which she drew a number of her exhibits. The file was only produced by the District Attorney's office on February 24, 2023, and has been produced to Defendant. *See* **Ex. 3**, *Records Request*. Additionally, Defendant refused to agree to set the motion for exemplary damages deadline to that of the dispositive motions deadline, and so, out of an abundance of caution, Plaintiff is being required to move earlier than she would like, solely because of Defendant's objections. *See* **Ex. 2**, *December 16, 2022 Emails*. If Defendant had not objected, Plaintiff would be able to use additional discovery to augment her motion. However, even without the benefit of additional discovery in this case, Plaintiff has made out a *prima facie* case for exemplary damages. Thus, as this Court has held, Colo. Rev. Stat. § 13-21-102 governs plaintiff's motion and her motion is timely pursuant to it.

## II.     Plaintiff Establishes a *Prima Facie* Case of Willful and Wanton Conduct

As Plaintiff noted in her opening brief, a court may grant a request for leave to pursue exemplary damages when a plaintiff bringing an action "for a wrong done to the person or to personal or real property, and the injury complained of" establishes that there is *prima facie* proof of a triable issue that the acts or omissions complained of are "attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a), (1.5)(a). And as Plaintiff also noted, according to Colorado's Supreme Court, "[a]t the pleading stage, the

4

liberal standard of C.R.C.P. 15 applies." *Schneiderman v. Barry*, No. 2011CV7101, 2013 WL 5508525, at *1 (Colo. Dist. Ct. Jan. 7, 2013).

As described in her motion, Ms. Moreno has demonstrated that she has established a *prima facie* case that Defendant intentionally and maliciously terminated her employment with a conscious disregard for her rights, particularly because Defendant fired her for acting in self-defense and after she became a victim of a crime. *Motion*, ECF No. 39, at 3-10. Nevertheless, Defendant, through its manager Driss Aamoud, promptly terminated her, ending her 16-year career. *Complaint*, ECF No. 3, at 8, ¶ 73; *Answer*, ECF No. 16, at 8, ¶ 73. Defendant's knowledge of the underlying events and existing conditions and conscious disregard for the injury it caused Plaintiff is sufficient to make out a *prima facie* case for exemplary damages at this stage. Courts have found the addition of exemplary damages warranted from the conscious disregard of injury arising from a defendant's failure to act. *See, e.g.*, *Enriquez-Chavez v. Dillon Cos., LLC*, No. 21-cv-02038-CNS-KLM, 2022 WL 6156743, at *3 (D. Colo. Oct. 7, 2022) (stating that defendant was conscious of its conduct and existing conditions when it failed to replace a safety railing, such that it should have known injury would result if the railing were not replaced); *Graham v. Safeway, Inc.*, No. 2020CV30870, 2022 WL 1056934, at *3-4 (Colo. Dist. Ct. Mar. 28, 2022) (finding that grocery worker's failure to clean up a spill or alert others of a spill created significant likelihood of injury and was sufficient for *prima facie* claim of exemplary damages);  *Cunningham v. Standard Fire Ins. Co.*, No. 07-cv-02538-REB-KLM, 2008 WL 4371929, at *2 (D. Colo. Sept. 23, 2008) (insurance company's failure to engage in any investigation or action on claim sufficient to allege *prima facie* case of reckless disregard for rights of plaintiff). Defendant's conduct here goes beyond what these cases found sufficient and

was instead a conscious and willful decision to terminate Plaintiff for illegal reasons, knowing that she would be injured.

### III. Defendant Does Not Attempt to Rebut Plaintiff's *Prima Facie* Showing of Willful and Wanton Conduct, Supporting an Exemplary Damages Instruction

Rather than attempt to rebut Plaintiff's *prima facie* showing, Defendant argues that Plaintiff has not submitted evidence of Defendant's scienter regarding termination. *See Response*, ECF No. 43 at 6. Defendant argues both that allegations, as opposed to evidence, are insufficient, and that the allegations pertain to the robbery rather than Plaintiff's termination. *See id.* Both arguments fail.

First, Defendant contends that Plaintiff has made only unconclusive allegations, and has not supplied evidence to support her motion. This is squarely belied by the record. Plaintiff submitted no less than **ten exhibits** to support her motion, including audio and video footage of that evening, her 911 call, police reports, and declarations. *See Exhibits 1-10 to Motion*, ECF No. 39[1]-[10]. Second, "[c]ourts in this District have granted motions to amend to add exemplary damages where a Defendant 'attempts to refute Plaintiff's proffered evidence by providing additional context,' but 'fails to establish that there is a lack of evidentiary support for any of the factual contentions it challenges.'" *Graham v. State Farm Mut. Auto. Ins. Co.*, No. 19-cv-00920-REB-NYW, 2020 WL 9720368, at *5 (D. Colo. June 30, 2020), *report and recommendation adopted*, No. 19-cv-00920-REB-NYW, 2021 WL 2092813 (D. Colo. Mar. 31, 2021) (quoting S*chimek v. Owners Ins. Co.*, No. 16-cv-02197-PAB-STV, 2017 WL 3621833, at *5 (D. Colo. Aug. 23, 2017)). Defendant does not rebut any of Plaintiff's allegations or cast doubt on their accuracy. At this stage, Plaintiff's allegations and the documentation supporting them are sufficient to make out a *prima facie* case.

Defendant's arguments regarding evidence are both contradicted by the record and ask the Court to impose a higher standard than the one that governs motions to amend to add exemplary damages.

### IV. Defendant's Attempt to Divert the Court's Attention from The Events on the Night She was Attacked Must Be Rejected

Finally, Defendant's attempts to divert the Court's focus from the events leading up to Plaintiff's termination are unavailing. Defendant cites *Clem v. Shultz*, No. 19-cv-03570-REB-KLM, 2022 WL 1055551, at *3 (D. Colo. Apr. 8, 2022), for the proposition that actions taken prior to Plaintiff's termination are irrelevant. *See Response*, ECF No. 43 at 7-8. However, in *Clem*, the court merely found that a cell phone call 24 minutes before a motor-vehicle collision and the removal of one of the driver's hearing aids – when he turned up the other to compensate – did not evidence willful and wanton conduct where the driver testified that "nothing distracted" him prior to the motor-vehicle collision. *Id.* The court contrasted that with cases permitting the addition of exemplary damages where drivers admitted to feeling drowsy, were driving in the wrong lanes, were talking on cellphones, or were otherwise distracted at the time of the collision. *Id.* at 5.

Clearly, the conduct of Defendant's employees leading up to Plaintiff's termination is relevant to determining whether the company's act of terminating Plaintiff was willful and wanton. Defendant ignores that the evidence regarding the robbery and Defendant's conduct afterwards *is itself* evidence regarding Defendant's scienter in terminating Plaintiff. In determining if conduct is willful and wanton, a jury considers the defendant's actions surrounding the complained of conduct to infer the defendant's state of mind. *Cf. Jacobs v. Commonwealth Highland Theatres, Inc.*, 738 P.2d 6, 10 (Colo. App. 1986) (stating that jury could infer defendant acted willfully and wantonly from lack of corrective action taken towards

faulty step). The evidence that Plaintiff detailed shows how Defendant, through its employees, doubted Plaintiff, refused to listen to her account of the robbery, immediately intimated that she might be terminated, ignored her requests to be relieved from tending a cash register where she had just been robbed at knife-point, belittled Plaintiff, and demanded **Plaintiff** admit she did something wrong, even though she was the one who had been attacked and robbed. To ignore this evidence would be to force Plaintiff to show willful and wanton conduct in a vacuum.

Plaintiff has made a *prima facie* case of willful and wanton conduct and the Court should reject defendant's arguments to the contrary.

## V.  CONCLUSION

At this stage in the litigation, a plaintiff should be granted "some leeway in establishing his *prima facie* case." *Leidholt*, 619 P.2d at 769. Moreover, "[t]his is a lenient standard." *Schneiderman*, 2013 WL 5508525, at *2. Plaintiff's motion to add exemplary damages is timely and demonstrates as a threshold issue their propriety in this case. Importantly, Plaintiff is not entitled to exemplary damages unless a jury determines she should be awarded them – she is merely requesting that she be able to seek such damages from the jury. Accordingly, Plaintiff respectfully asks that this Court grant her leave to seek exemplary damages at trial. In the alternative, should the Court be inclined to deny the motion, Plaintiff asks the Court to permit her to re-file the motion in line with the dispositive motions deadline so that she may use further information learned during discovery in her motion.

Respectfully Submitted: April 21, 2023

RATHOD | MOHAMEDBHAI LLC

<u>*s/ Virginia Hill Butler*</u>
Virginia Hill Butler
Iris Halpern
2701 Lawrence Street, Suite 100
Denver, CO 80205
T: (303) 578-4400
E: vb@rmlawyers.com
    ih@rmlawyers.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April 2023, I electronically filed and served the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND COMPLAINT TO SEEK EXEMPLARY DAMAGES REMEDY** using the CM/ECF system, which will send notification of such filing to the following:

Thomas W. Carroll
Nicholas Hankins
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone: (303) 629-6200
Fax: (303) 629-0200
tcarroll@littler.com
nhankins@littler.com

*Attorneys for Defendant*

*s/ Virginia Hill Butler*
Virginia Hill Butler