# EXHIBIT A TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## Declaration of Craig Holmes

## *Mary Ann Moreno v. Circle K Stores, Inc.* Case No. 1:22-cv-02327-NYW-STV

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:22-cv-02327-NYW-STV

MARY ANN MORENO,

    Plaintiff,

v.

CIRCLE K STORES, INC.,

    Defendant.

## DECLARATION OF CRAIG HOLMES

I, Craig Holmes, declare as follows.

1. I am over 18 years of age and competent to testify to the matters stated in this declaration. I make this declaration upon my personal knowledge, and if called upon to testify in this regard could do so both accurately and competently. This declaration is given voluntarily. I have not been promised any benefit, coerced, or threatened in any manner in exchange for the testimony in this declaration.

2. I am currently employed as a Regional Operations Director by Circle K Stores, Inc. ("Circle K"), and am personally familiar with Mary Ann Moreno.

3. Circle K operates a chain of convenience stores throughout the United States and internationally.

4. I have reviewed Deposition Exhibit 1 in this case. Deposition Exhibit 1 is a true and correct copy of Circle K's Employee Guidebook applicable to Ms. Moreno during her employment.

5. I have reviewed Deposition Exhibit 2 in this case. Deposition Exhibit 2 is a true and correct copy of Circle K's 5-Minute Rule Procedure applicable to Ms. Moreno during her employment.

6. I have reviewed Deposition Exhibit 3 in this case. Deposition Exhibit 3 is a true and correct copy of Circle K's Confront & Chase policy applicable to Ms. Moreno during her employment.

7. On October 4, 2020, I was employed as a Regional Operations Director by Circle K. At the time, my region included the Circle K store located at 9489 Sheridan Boulevard in Westminster, Colorado, which is the store where Ms. Moreno worked on October 4, 2020.

8. Ms. Moreno began her employment with Circle K in October 2018, after her previous employer, CST Brands, was acquired by Circle K.

9. Ms. Moreno's employment with Circle K was at will.

10. Ms. Moreno's employment with Circle K was terminated for her violation of Circle K's Confront & Chase policy.

11. Ms. Moreno violated the Confront & Chase policy by engaging and pulling a robber from his back on October 4, 2020.

12. To the best of my recollection, the decision to terminate Ms. Moreno's employment was communicated to her on October 6, 2020.

13. I reviewed the video-surveillance footage of the October 4, 2020 robbery at the time of Ms. Moreno's termination and I reviewed it again as part of this case. In making the

decision to terminate Ms. Moreno, I honestly believed that Ms. Moreno had not acted in self-defense.

14. Ms. Moreno's employment was terminated for violating the Confront & Chase policy, not because she engaged in self-defense, not because she reported the robbery, not because she called the police, and not because she was the victim of a crime.

15. I estimate that approximately 100 Circle K employees or more in my region report crimes to me or their supervisor each year. Of those employees, many of them also report the crime to the police or participate in police investigations. I am not aware of any employee who was terminated or disciplined for reporting a crime to me or their supervisor, for reporting a crime to the police, or for cooperating with a police investigation.

16. I am not aware of any employee who was terminated or disciplined for being the victim of a crime.

According to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: ___8/3/2023___    _____
                Date                    Signature

4888-3149-1698.4

3