IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02327-NYW-STV

MARY ANN MORENO,

    Plaintiff,

v.

CIRCLE K STORES, INC.,

    Defendant.

---

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

    Defendant Circle K's response to Plaintiff Mary Ann Moreno's motion for summary judgment on Defendant's failure to mitigate defense neglects to raise any genuine dispute of material fact. Indeed, despite failure to mitigate being Defendant's burden to prove at trial, Defendant points to **no** evidence it adduced during discovery to support the defense. Despite the pandemic, Ms. Moreno started seeking other employment immediately after Circle K fired her. Ms. Moreno accepted the first job offer she received, obtaining an essentially identical position to the one she had with Circle K – a convenience store clerk. Furthermore, with respect to her emotional distress, Ms. Moreno participated in almost a year of therapy. Given the paucity of evidence produced by Defendant to support its burden at trial, the Court should grant Ms. Moreno's motion for partial summary judgment with respect to Defendant's failure to mitigate affirmative defense.

## I. STATEMENT OF FACTS

### A. Plaintiff's Reply Concerning Undisputed Facts ("RCUF")

    Defendant admits to 44 of Plaintiff's statements of undisputed material fact. Defendant denies or denies in part the remaining 19 of Plaintiff's statements of undisputed material fact.

Within the latter category, many of Defendant's denials are not true denials, but only add additional information that does not dispute Plaintiff's facts. Plaintiff provides a reply to certain of Defendant's disputes below, focusing on those true disputes that are relevant to her further arguments below:

**RCUF 17**: Defendant's denial does not dispute that Mr. Aamoud stated that Ms. Moreno abided by Circle K policy by refusing the sale of cigarettes to Wimmer.

**RCUF 22**: Defendant's denial does not negate that the video footage shows Ms. Moreno trapped on three sides with Wimmer blocking her exit, supporting her deposition testimony that she did not run because she had nowhere to run to escape. *See Register 1*, ECF No. 65-3 at 6:56:10-6:56:13; *Moreno Dep. Tr.*, ECF No. 65-6 at 70:4-7.

**RCUF 24**: Defendant's denial does not negate that the video footage supports Ms. Moreno's deposition testimony that she was afraid for her life and defending herself. *See Register 1*, ECF No. 65-3 at 6:56:16-6:56:22; *Moreno Dep. Tr.*, ECF No. 65-6 at 111:13-16; 124:5-18.

**RCUF 28**: When Ms. Jorgensen did not arrive at the store for over an hour and Ms. Moreno could not get in contact with Amanda, whom Ms. Jorgensen had told Ms. Moreno to try calling, Ms. Moreno called Mr. Aamoud. *See* **Ex. 1**, *Moreno Dep. Tr.*, at 74:13-76:13.

**RCUF 33**: Defendant's denial does not dispute that Circle K's sole stated reason for terminating Ms. Moreno was for her contact with Wimmer on October 4, 2020. *See Rule 30(b)(6) Dep. Tr.*, ECF No. 65-1 at 98:23 to 99:3.

**RCUF 39:** Defendant's denial does not dispute that Ms. Moreno enlisted her daughter's help so that she could more effectively search for a job starting right after she was fired. *See Moreno Dep. Tr.*, ECF No. 65-6 at 27:8 to 28:17; *Circle K's Response to Plaintiff's Motion for Partial Summary Judgment* (hereinafter *"Response"*), ECF No. 70 at 7, ¶ 41.

**RCUF 42**: Defendant's denial does not dispute that Ms. Moreno did not remember exactly how many positions she applied for, but it was "[m]aybe ten or more." *Moreno Dep. Tr.*, ECF No. 65-6 at 28:22-25.

**RCUF 55**: Defendant's denial does not dispute that Ms. Moreno's responses to Defendant's Interrogatories No. 4-7 are **not** evidence produced **by Defendant** to prove its affirmative defenses.

**RCUF 59**: Defendant's general statement that Ms. Moreno "is likely to have information about her claims, the allegations in the Complaint and Jury Demand ("Complaint"), [and] Circle K's defenses thereto," *see Circle K's Initial Disclosures*, ECF No. 65-14 at 2, is insufficient to endorse her as a witness regarding Defendant's failure to mitigate affirmative defense.

### B. Plaintiff's Response Concerning Disputed Facts ("RCDF")

**RCDF 62**: Admitted with clarification. Ms. Moreno has a fear of driving and does not drive far distances. *Moreno Dep. Tr.*, ECF No. 65-6 at 27:8-13. She lives very close to the Circle K store where she worked. **Ex. 1**, *Moreno Dep. Tr.* at 84:5-10. Ms. Moreno lives in an area with many businesses around her that do not require far driving distances to get to. *Id.* at 29:19 to 30:17. Ms. Moreno has been working in the retail business since she was 17 years old and does not have a high level of education. *Id.* at 28:3-8; 116:24 to 117:1.

**RCDF 63**: Denied. Ms. Moreno applied to stores like Walmart that are "always hiring." *Id.* at 25:17-27:2. She applied for jobs by completing online applications on the company websites. *Id.*

**RCDF 64**: Admitted.

**RCDF 65**: Admitted with clarification. Ms. Moreno has been working in the retail business since she was 17 years old and does not have a high level of education. *Id.* at 28:3-8; 116:24 to 117:1. Ms. Moreno does not read very well. *Id.* at 100:10. Ms. Moreno has no technological proficiency: she has a cellphone in case of emergency but does not know how to use it well, does not send text messages, and does not know how to use email. *Id.* at 19:5-12.

**RCDF 66**: Denied. Ms. Moreno stated in her deposition that she did not remember exactly how many positions she applied for, but it was "[m]aybe ten or more." *Moreno Dep. Tr.*, ECF No. 65-6 at 27:8-13.

**RCDF 67-73**: Admitted.

**RCDF 74**: Admitted with clarification. Ms. Moreno discussed the negative effects of both the robbery and getting fired with her therapist. *See* **Ex. 2**, *Wand Notes*, at 1-2.

**RCDF 75**: Admitted in part and denied in part as incomplete. Ms. Moreno received approximately a year of therapy session approximately once a week for much of 2021. *See Plaintiff's Third Supplemental Discovery Responses*, ECF No. 65-11 at 14. These sessions were prescribed by her victim's rights advocate and the District Attorney's office. *Id*. Ultimately, she stopped because it was not helpful. *Id.* They were the first counseling sessions she attended in her life. *Id.*

**RCDF 76**: Admitted.

**RCDF 77**: Admitted with clarification. Ms. Moreno stopped attending therapy because it was not helpful. *Id.*

## II. ARGUMENT

### A. The Court Should Strike Defendant's Affirmative Defense of Failure to Mitigate Economic Damages

#### 1. *Legal Standard*

To establish a failure to mitigate defense under Colorado law, "[i]t is the defendant's duty to prove the employee did not use reasonable diligence in seeking comparable alternative employment when requesting the court not award back pay for any period." *Bonidy v. Vail Valley Ctr. for Aesthetic Dentistry, P.C.*, 232 P.3d 277, 284 (Colo. App. 2010). "Mitigation or failure to mitigate is an affirmative defense that may be raised by the defendant and the **defendant bears the burden of proving the defense**." *Fair v. Red Lion Inn*, 943 P.2d 431, 437 (Colo. 1997) (emphasis added). At

4

the summary judgment stage, Ms. Moreno "may meet her initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's affirmative defense." *Mason v. Brigham Young Univ.*, No. 06-cv-826-TS, 2008 WL 312953, at *1 (D. Utah Feb. 1, 2008) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F. 3d 664, 670-71 (10th Cir. 1998) (citations and quotations omitted)).

As Colorado courts have recognized in the context of employment litigation, "the defense of failure to mitigate damages **will not be presented to the jury unless the trial court determines there is sufficient evidence to support it**." *Fair*, 943 P.2d at 437 (emphasis added). Courts recognize this principle in contexts outside of employment as well. *See Hildyard v. W. Fasteners, Inc.*, 522 P.2d 596, 600 (Colo. App. 1974) (affirming trial court finding that there was insufficient evidence of failure to mitigate damages to warrant submission of issue to the jury when plaintiff declined to undergo surgery that offered "only a possibility of cure"); *Burt v. Beautiful Savior Lutheran Church of Broomfield*, 809 P.2d 1064, 1068 (Colo. App. 1990) (affirming trial court ruling that instruction on mitigation of damages was not appropriate where plaintiff did not make repairs at first instance because there was no indication that the plaintiff could have taken precautions to prevent the damage or that he was financially able to make the initial repairs).

Ms. Moreno moved for summary judgment because Defendant failed to put forth any evidence of other positions Ms. Moreno was qualified for and could have discovered but failed to find and apply for. *See Plaintiff's Motion for Partial Summary Judgment* (hereinafter, "*Motion*"), ECF No. 65 at 11-14. In response, Circle K argues that it is not required to put forth any evidence of an essential element of its defense, arguing that Colorado law does not require any evidence of other positions. *See Response*, ECF No. 70 at 10-11. Circle K is incorrect.

5

### *2. Each of Defendant's Arguments Fails*

#### i. The Colorado Standard Mirrors the Federal Standard

Defendant's central argument implies that the case law and standards Plaintiff invokes in her analysis come from federal law, not state law, and are thus not persuasive or controlling. *Response*, ECF No. 70 at 10-11. However, although purporting to reject Plaintiff's statement of law, Defendant cites to no caselaw from state court stating what it believes the legal standard *should be*. Defendant simply states that Colorado law does not require Circle K to prove the existence of other suitable positions to establish its failure to mitigate defense, without any legal source citation. *Id.* at 11. That absence is telling, given that the state and federal standards for failure to mitigate, at least in the employment setting, are virtually identical. *See Bonidy*, 232 P.3d at 284. Just like federal law, under Colorado law, "[i]t is the defendant's duty to prove the employee did not use reasonable diligence in seeking comparable alternative employment when requesting the court not award back pay for any period." *Id.*; *cf. Jolley Potter Ranches Energy Co., LLC v. TEP Rocky Mtn. LLC*, 2020 WL 12597901, at *4 n.3 (D. Colo. Nov. 12, 2020) ("Colorado courts, like federal courts, generally place the burden of proving affirmative defenses on the party raising them.").

The federal standard for the failure to mitigate defense can be found in *EEOC v. Sandia Corp.*, 639 F.2d 600, 627 (10th Cir. 1980), where the court stated that "the employer has the burden of showing that the discriminatee did not exercise reasonable diligence in mitigating damages caused by the employer's illegal action." (quoting *United States v. Lee Way Motor Freight, Inc.*, 625 F.2d 918, 937 (10th Cir. 1979). The *Sandia* court then went on to explain that, under this standard, the "defendant must establish (1) that the damage suffered by plaintiff could have been avoided, i.e. that there were suitable positions available which plaintiff could have discovered and for which he was qualified; and (2) that plaintiff failed to use reasonable care and diligence in seeking such a position." *Id.* (quotation omitted).

6

The Colorado standard mirrors this federal standard. Colorado requires the Defendant to prove that an employee "did not use reasonable diligence in seeking **comparable alternative employment**." *Bonidy*, 323 P.3d at 284 (emphasis added). Colorado thus requires the Defendant to make a showing regarding the existence of "comparable alternative employment." Defendant makes no argument that this "comparable alternative employment" differs in any way from the "suitable positions" *Sandia* requires the defendant to show.

The caselaw in failure to mitigate employment damages is more developed in the federal context, leading Colorado courts to find federal caselaw persuasive. For instance, the Colorado Supreme Court in *Fair*, 943 P.3d at 439-40, found persuasive *Giandonato v. Sybron Corp.*, 804 F.2d 120 (10th Cir. 1986), a federal case brought under the Age Discrimination in Employment Act. The *Fair* court specifically recognized the similarities between the Colorado and federal duty to mitigate stating that, "[a]lthough *Giandonato* involved a statutory duty to mitigate and such a statutory duty does not exist here, **we still find *Giandonato* compelling because our Colorado precedent recognizes a similar affirmative duty to mitigate or minimize damages**." *Fair*, 943 P.2d at 430 n.9 (emphasis added). The *Fair* court additionally looked to an Equal Employment Opportunity Commission case, *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982), noting that though "[t]here are no similarly controlling Colorado statutes [to the one the Supreme Court construed in *Ford Motor Co.*,] we find the principles announced in *Ford Motor Co.* persuasive."

"It is [Circle K's] duty to prove [that Ms. Moreno] did not use reasonable diligence in seeking comparable alternative employment when requesting the court not award back pay for any period." *Bonidy*, 232 P.3d at 284. It is Defendant's obligation to put forth **<u>any</u>** evidence of "comparable alternative employment" that Ms. Moreno could have applied for but did not. Defendant has not done so and does not argue that it has. *See Response*, ECF No. 70 at 10-11. Instead, Defendant argues it has no obligation to put forth evidence of other positions Ms. Moreno

7

failed to apply for. *Id.* This, however, ignores the requirements under Colorado law and the persuasive value Colorado courts place on federal case law in this context.

### ii. Ms. Moreno Made More Than Sufficient Efforts to Mitigate Economic Damages

The Court should dismiss Defendant's failure to mitigate affirmative defense on the basis that Defendant has not put forth any evidence of other suitable positions that Ms. Moreno failed to seek out. However, if the Court looks at Ms. Moreno's efforts to secure employment after she was fired, doing so provides an additional basis to dismiss Defendant's affirmative defense. Ms. Moreno made tremendous efforts to secure another job as a 72-year-old woman, with little education, limited reading proficiency, no computer skills, and with geographic limitations, all in the middle of the COVID-19 pandemic after suddenly losing her sixteen-year position at Circle K.

Ms. Moreno started looking for a job shortly after she was fired. *See* SUMF ¶ 39.[1] Ms. Moreno's daughter helped her search for jobs and fill out job applications because Ms. Moreno is not adept at using the computer. SUMF ¶ 41. Because of her fear of driving, Ms. Moreno does not drive far distances. SUMF ¶ 40; RCDF ¶ 62. Ms. Moreno does not know how many jobs she applied for, but thought it was upwards of ten. SUMF ¶ 42; RCUF ¶ 42. This included positions at Walmart and Hallmark. *Id.* Ms. Moreno did not hear back from any store besides Dollar Tree, and she took the first offer of employment she received after being fired from Circle K. SUMF ¶ 43. Defendant concedes that the two positions are "similar." *Response*, at 11. She started working at Dollar Tree on January 17, 2021. SUMF ¶ 44. This is only a little more than three months after she was fired.

Defendant appears to take issue with Ms. Moreno seeking the help of her daughter with her

---

[1] Plaintiff cites her statements of undisputed material fact from her motion for partial summary judgment, ECF No. 65, as "SUMF ¶ __"

8

applications. *See Response*, ECF No. 70 at 11. However, it is undisputed that Ms. Moreno is not adept at using the internet and computers and needed help with using those important tools to look for work. Ms. Moreno can hardly be faulted for seeking assistance from someone more technologically sophisticated in order to achieve the ultimate goal of obtaining subsequent employment more effectively. To the contrary, such actions by Ms. Moreno show significant effort to search for and obtain replacement employment.

Defendant attempts to disparage Ms. Moreno for being "content to take the first job that came along." *Response*, ECF No. 70 at 12. Contrary to Defendant's assertion, this demonstrates how quickly Ms. Moreno attempted to reenter the work force.

The Dollar Tree job came with fewer hours, but Ms. Moreno has been able to increase them some. Ms. Moreno understands that all of the other employees with her similar position are part-time as well. *See Response*, ECF No. 70 at 9, ¶ 71. Ms. Moreno has taken the opportunity to work additional hours when they are available, such as holidays, inventory, and covering co-worker's shifts. *Id.*, ¶ 72. Ms. Moreno has diligently sought to increase her hours when it is possible for her to do so. *See id.*

          **iii.**     **Mere Speculation by Defendant Fails to Satisfy its Burden of Proof**

It is undisputed that Ms. Moreno sought and found similar employment only months after she was fired. Ms. Moreno has met her threshold burden to make reasonable efforts to secure employment, as required by state and federal case law. To argue that Ms. Moreno is not entitled to back pay, Defendant bears the burden of proving that these efforts were insufficient. Defendant points to no jobs that were open that Ms. Moreno could have applied for but failed to, that are suitable to her skills and education levels, and within the geography she can work. Given its lack of effort to do so, Defendant fails to meet its burden. Mere speculation on Defendant's part that there

may have been other jobs available that she failed to apply for is insufficient.

### B. Defendant's Failure to Mitigate Defense Fails With Respect to Emotional-Distress

Defendant's response brief asserts that, "[b]ecause Moreno's Motion does not address Circle K's failure to mitigate defense with respect to Moreno's outrageous-conduct claim or emotional distress, those portions of the defense must proceed to trial." *Response*, ECF No. 70 at 13. This argument fails for three reasons: (1) Defendant never provided notice of this affirmative defense with respect to outrageous conduct and emotional distress damages until now, and so should be estopped from pursuing it; (2) Ms. Moreno has no duty to mitigate her emotional distress; (3) despite having no duty to do so, the undisputed evidence shows that Ms. Moreno did, in fact, make significant efforts to mitigate her emotional distress.

When asked during discovery to provide the factual basis for it affirmative defense of failure to mitigate, Defendant stated that "[t]he factual basis of this defense is Plaintiff's discovery responses, including answers to Interrogatory Nos. 4-7 and responses to Requests for Production Nos. 6-9. Discovery is ongoing." SUMF ¶¶ 51-53. Defendant's Interrogatory No. 4 asked for a description of Ms. Moreno's damages. SUMF ¶ 54. Defendant's Interrogatory No. 5 asked for the identity of any psychological counseling Ms. Moreno received in the past five years. *Id.* Defendant's Interrogatory No. 6 asked for the identity of any employers Ms. Moreno worked for since October 4, 2020. *Id.* Defendant's Interrogatory No. 7 asked for a description of Ms. Moreno's efforts to seek employment and income since October 4, 2020. *Id.*

Defendant's bare invocation of Ms. Moreno's discovery responses did not give Ms. Moreno notice that Defendant intended to assert that she failed to mitigate her emotional distress damages. *Cherry Creek Mortgage, LLC v. Jarboe*, 2022 WL 18456041, at *2 (D. Colo. Nov. 10, 2022) ("affirmative defenses which are so vague that they do not provide sufficient notice of the nature of the defenses are improper."). Defendant produced no evidence or even description of its own with

respect to these affirmative defenses, SUMF ¶ 58, and instead simply pointed to Ms. Moreno's own interrogatories and productions, which focused on her efforts to mitigate her economic damages. SUMF ¶ 55.

Second, Ms. Moreno has no duty to mitigate her emotional distress damages. Defendant cites *Winkler v. Rocky Mountain Conference of United Methodist Church*, 923 P.2d 152, 160 (Colo. App. 1995). *Response*, ECF No. 70 at 13. In *Winkler*, the plaintiff, a church parishioner, brought suit against a pastor and the Rocky Mountain Conference of the United Methodist Church ("Conference"), which appointed the pastor, due to inappropriate sexual behavior by the pastor. 923 P.2d at 155. The Conference argued that the jury should have been instructed that the plaintiff had a duty to mitigate her damages by reporting the pastor's conduct earlier and by continuing to have contact with the pastor without requesting that he stop the offensive conduct. *Id.* at 160. The court upheld the trial court's refusal to submit these instructions to the jury, stating, "[m]oreover, the jury was instructed that it could consider whether Winkler failed to mitigate damages by not promptly obtaining appropriate therapeutic or medical care. We conclude that this instruction adequately set forth the extent of Winkler's duty to mitigate or minimize her damages in this case." *Id.* The *Winkler* court's *dicta* is not persuasive in light of Colorado caselaw on the duty to mitigate.

In *Dare v. Sobule*, 674 P.2d 960, 962 (Colo. 1984), the court considered whether a motorcyclist's failure to wear a helmet could be admissible. The court held that "evidence of a plaintiff's failure to wear a protective helmet is inadmissible to show negligence on the part of the plaintiff or to mitigate damages." The court noted that the General Assembly had not mandated the use of protective helmets and the court declined to impose the standard. *Id.* at 963. So too here – Defendant has not pointed to any statutory duty of Ms. Moreno to seek out therapy to mitigate her emotional distress damages. *See also Hildyard,* 522 P.2d at 600 (affirming trial court refusal to submit affirmative defense of failure to mitigate to the jury because "Plaintiff's obligation to seek a

cure for his injuries does not require him to submit to surgery which involves substantial hazards or which offers only a possibility of cure.").

The *Dare* court additionally noted that allowing the defense would lead to a battle of the experts as to what injuries would have or have not been avoided if the plaintiff was wearing a helmet. *Id.* That reasoning is particularly persuasive for emotional distress damages, which would result in experts battling over what percent of a plaintiff's emotional distress could have been reduced by more therapy. Moreover, Defendant has not endorsed any experts in this case, *Motion*, ECF No. 65 at 10, ¶ 61; *Response*, ECF No. 70 at 8, ¶ 61, leaving it with no basis to argue how further therapy or medication could have reduced Ms. Moreno's emotional distress.

Finally, to the extent she needed to, Ms. Moreno **did** mitigate her emotional distress. She received nearly a year of therapy session approximately once a week for much of 2021, wherein she discussed the negative effects the robbery and termination had on her. RCDF ¶¶ 74-75. These sessions were prescribed by her victim's rights advocate and the District Attorney's office. *Id*. Ultimately, she stopped because it was not helpful. *Id.* These therapy sessions were the first counseling sessions she attended in her life. *Id.* Ms. Moreno sought out therapy but, when it was ineffective, ended it. The failure to continue a course of care that is not helpful cannot be considered a failure to mitigate, and Defendant has put on no evidence that her failure to continue therapy would have lessened her emotional distress rather than exacerbated it, which is what the evidence currently on record shows.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion for partial summary judgment and strike Defendant's affirmative defense of failure to mitigate.

Respectfully Submitted: September 8, 2023

                RATHOD | MOHAMEDBHAI LLC

                *s/ Virginia Hill Butler*
                Virginia Hill Butler
                Iris Halpern
                2701 Lawrence Street, Suite 100
                Denver, CO 80205
                T: (303) 578-4400
                E: vb@rmlawyers.com
                  ih@rmlawyers.com

                ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September 2023, I electronically filed and served the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT** using the CM/ECF system, which will send notification of such filing to the following:

Thomas W. Carroll
Nicholas Hankins
LITLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Fax: 303.629.6200
Email: tcarroll@littler.com
       nhankins@littler.com

*Attorneys for Defendant Circle K Stores, Inc.*

                                                    s/ *Virginia Hill Butler*
                                                    Virginia Hill Butler